```
                    UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                            Norfolk Division
```

**MICHAEL ANDREW STEPHENS, #323198,**

        **Petitioner,**

**v.**                                                    **2:06CV251**

**GENE M. JOHNSON, Director of the**
**Virginia Department of Corrections,**

        **Respondent.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I.   STATEMENT OF THE CASE

#### A.   Background

On June 6, 2003, in the Circuit Court for the City of Newport News, Virginia, petitioner was convicted of arson of an occupied dwelling and was sentenced to serve five years imprisonment. Petitioner appealed the conviction in the Virginia Court of Appeals, but the appeal was denied on December 17, 2003. Petitioner then filed an appeal in the Supreme Court of Virginia, which refused the appeal on July 2, 2004.

On July 16, 2005, petitioner filed a petition for writ of habeas corpus in the Newport News Circuit Court, raising the following grounds:

        1.    Petitioner's due process rights were violated because the evidence was insufficient to support the conviction;

    2.    Petitioner's due process rights were violated because the prosecutor withheld exculpatory evidence;

    3.    Petitioner's Sixth Amendment right to trial by a jury was violated because he did not admit the offense and a jury did not find him guilty beyond a reasonable doubt;

    4.    Petitioner's due process rights were violated because he was found guilty when the prosecutor had exculpatory evidence that would have proven petitioner's innocense;

    5.    Petitioner's due process rights were violated because the trial court found him guilty when petitioner is actually innocent; and

    6.    Petitioner's due process rights were violated because the prosecutor made an improper comment about hypotheses of innocence.

On July 28, 2005, the petition was dismissed pursuant to Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974). Petitioner appealed to the Supreme Court of Virginia, raising the following assignments of error:

    1.    The trial court erred by not excluding every reasonable hypothesis (of innocence) and thereby convicting petitioner on circum-stantial evidence only;

    2.    The trial court erred in denying motions allowing frivolous assumptions introduced by the Commonwealth during sentencing;

    3.    The trial court erred in denying motions addressing alleged prosecutorial misconduct, related to closing argument; and

    4.    The trial court erred in denying a defense motion based on exculpatory evidence, which the Commonwealth with-held.

On April 25, 2006, the Virginia Supreme Court refused Claim 4 and dismissed Claims 1 through 3, because they did not address the Circuit Court's ruling, from which the appeal was sought.

    On May 4, 2006, petitioner filed a petition for a writ of habeas corpus in this Court, and on June 28, 2006, respondent filed a motion to dismiss and Rule 5 answer. This matter is now ripe for consideration.

## **B.  Grounds Alleged**

Petitioner raises the following grounds:

1. Petitioner's due process rights were violated because the evidence was insufficient to support his conviction;

2. Petitioner's due process rights were violated because the prosecutor withheld exculpatory evidence;

3. Petitioner's Sixth Amendment right to a trial by jury was violated because he did not admit to the offense, and a jury did not find him guilty beyond a reasonable doubt;

4. Petitioner's due process rights were violated because the prosecutor withheld exculpatory evidence that would have proven petitioner's innocence;

5. Petitioner's due process rights were violated when the trial court found him guilty when petitioner is actually innocent;

6. Petitioner's due process rights were violated because the Commonwealth made inappropriate and inflammatory remarks during closing argument;

7. Petitioner was denied effective assistance of counsel because:

    a. counsel's questions during cross-examination of witness Pebley were improper;

    b. counsel failed to object to leading questions;

    c. counsel failed to call Monique Henderson as requested by petitioner;

    d. counsel failed to discuss defense strategy with petitioner prior to trial;

    e. counsel failed to cross-examine expert witness, Fire Investigator Minga;

    f. counsel failed to further question Detective Barrick, after Barrick testified that he had taken a statement from Crystal Brown on the night of the fire;

8. Petitioner has newly discovered evidence showing that Crystal Brown has been convicted in the past for setting a girl on fire, which was reduced to simple assault; and

9. Petitioner was in shackles during the entire trial.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993).  The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely.  In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference.  See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B. Standard of Review for State Court Findings

The federal statute regarding review of state court habeas corpus actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

4

> established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law. In <u>Fields v. Murray</u>, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court. <u>See id.</u> at 1032-33 (citing <u>Rushen v. Spain</u>, 464 U.S. 114, 120 (1983); <u>Sumner v. Mata</u>, 455 U.S. 591, 598 (1982)). As stated in <u>Marshall v. Lonberger</u>, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations. Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record." <u>Id.</u> at 432.

### C. Petitioner's Claims are Exhausted and are Subject to Federal Review.

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or

>                (B)(I)  there is an absence of available
>           State corrective process; or
>
>                (ii) circumstances exist that render such
>           process ineffective to protect the rights of the
>           applicant.
>
>           . . . .
>
>           (c)  An applicant shall not be deemed to have
>           exhausted the remedies available in the courts of
>           the State, within the meaning of this section, if
>           he has the right under the law of the State to
>           raise, by any available procedure, the question
>           presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings.  See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421 U.S. 482, 487 (1975); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999); Beck v. Angelone, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); see also Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513 U.S. 364, 365 (1995); Satcher v. Pruett, 126 F.3d 561, 573 (4th Cir. 1997).  Respondent concedes, and the Court agrees, that for purposes of federal review, petitioner's claims are exhausted.

### D.  Procedural Default

Under Virginia law, a claim included in a petition for habeas corpus will be barred if an objection was not raised at trial and the objection presented on direct appeal.  In Coppola v. Warden of Virginia State Penitentiary, 282 S.E.2d 10 (Va. 1981), the Supreme Court of Virginia held that to preserve an issue for appeal and for a habeas corpus proceeding, the issue must be timely objected to at trial.  Rule 5:25 of the Supreme Court of Virginia states the contemporaneous objection rule:

> Error will not be sustained to any ruling of the trial court or the commission before which the case was initially tried unless the objection was stated with reasonable certainty at the time of the ruling . . . .

Va. S. Ct. R. 5:25.

The Supreme Court has stated that: "Under Virginia law, failure to raise a claim on direct appeal from a criminal conviction ordinarily bars consideration of that claim in any subsequent state proceeding." Smith v. Murray, 477 U.S. 527, 533 (1986). The Fourth Circuit has held that if a claim is procedurally barred in Virginia courts because it was not brought on direct appeal, it will also be barred in the federal system. Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).[1] In Whitley v. Bair, 802 F.2d 1487 (4th Cir. 1986), the court held that the failure of an inmate to directly appeal his conviction to the Supreme Court deprives

> the Virginia Supreme Court of the opportunity to rule on the merits of his claims. We consider such failure to constitute a violation of the requirements of Rule 5:21, which applies to appeals of all Virginia cases, civil or criminal, and conclude that such violation constitutes a procedural default sufficient to preclude federal court review of the merits . . . .

Id. at 1502 (citing Va. S.Ct. R. 5:21, repealed and reinstated in substantially similar form as, Va. S.Ct. R. 5:17, 5:25). In Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974), the Virginia Supreme Court stated a similar proposition: "[a] petition for a writ of habeas corpus may not be employed as a substitute for an appeal or a writ of error."

---

[1] The court in Bassette relied on section 8.01-654(B)(2) of the Virginia Code. Bassette, 915 F.2d at 936. Section 654 (B)(2) states: "No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." VA. CODE ANN. § 8.01-654 (B)(2)(Michie 1992).

7

The Supreme Court of the United States addressed the same issue in <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991). The Court held that the doctrine of procedural default will bar a federal habeas petition when a prisoner fails to meet a state procedural requirement. <u>Id.</u> at 750. Speaking for the Court, Justice O'Connor said:

> We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. . . . We now recognize the important interest in finality served by state procedural rules, and the significant harm to the States that results from the failure of federal courts to respect them.

<u>Id.</u> at 750.

Moreover, the federal court is required to dismiss a procedurally defaulted claim absent a showing of justifiable cause resulting in actual prejudice. <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977). Petitioner has not made a showing of justifiable cause for his failure to appeal the aforementioned issues to the Court of Appeals and the Supreme Court of Virginia. Therefore, the issue of actual prejudice need not be addressed.

### 1. **Claims 2 and 4 are procedurally defaulted**.

Petitioner asserts that the Commonwealth withheld an exculpatory statement allegedly made by Crystal Brown to Detective Barrick. Since the claims were barred by the Supreme Court of Virginia pursuant to <u>Slayton</u>, they are now barred from federal review. However, even if the claims were not procedurally defaulted, they are without merit.

8

Even if Brown had made an exculpatory statement to Barrick, petitioner cannot properly allege a claim under Brady v. Maryland, 373 U.S. 83 (1963). The alleged statement was available to petitioner through Brown's testimony, and the issue could have been raised at trial. It is clear from Hoke v. Netherland, 92 F.3d 1350 (4th Cir. 1996), that "where the exculpatory evidence is not only available to the defendant but lies in a source where a reasonable defendant would have looked, a defendant is not entitled to the Brady doctrine." Hoke at 1355 (citing United States v. Wilson, 901 F.2d 3978, 381 (4th Cir. 1990). Since Brown testified in petitioner's behalf, and since the existence of the statement could have been confirmed by the testimony of Brown and/or Barrick, the Brady doctrine is unavailable to petitioner. Therefore, the claims are without merit, as well as being procedurally defaulted, and should be DISMISSED.

**2. Claims 3, 5, 6, and 9 are procedurally defaulted.**

Claims 3 (Sixth Amendment right to jury trial); 5 (actual innocence); 6 (the Commonwealth made inappropriate and inflammatory remarks); and 9 (petitioner being in shackles during trial), were all raised in the state habeas petition. However, the claims were barred from consideration by the Supreme Court of Virginia pursuant to Slayton, as they could have been raised at trial or on direct appeal. As such, the claims are now barred from federal review. Furthermore, the right to a jury trial was expressly waived by petitioner at the commencement of his trial. (4/1/03 Tr. at 6-7.) The claims are procedurally defaulted and should be DISMISSED.

### 3. **Claim 7 is procedurally defaulted**.

Petitioner asserts that his trial counsel was ineffective for: improper questioning during cross-examination, (Claim 7(a)); failing to object to leading questions, (Claim 7(b)); failing to call a witness, (Claim 7(c)); failing to discuss defense strategy with petitioner, (Claim 7(d)); failing to cross-examine an expert witness, (Claim 7(e)); and failing to question Barrick regarding Brown's alleged statement, (Claim 7(f)). Even though petitioner has never raised the ineffective assistance claims in state court, the claims are deemed exhausted. If petitioner were to attempt to raise the issues in state court at this point, they would be barred as successive and untimely. VA. CODE ANN. §§ 8.01-654(A)(2) and (B)(2).

Petitioner acknowledges that the claims were not raised in his state habeas petition because his trial counsel failed to provide him with certain documents. The excuse fails, as petitioner was present at his trial and for the questioning of all witnesses. Additionally, petitioner was aware of the discussions or suggestions made by his counsel prior to and during trial, therefore, he would have been aware of any deficiencies in representation that would have led to a valid appeal. The claims are procedurally defaulted and should be DISMISSED.

### 4. **Claim 8 is procedurally defaulted**.

Petitioner asserts that he has newly discovered evidence pertaining to Brown's conviction for setting someone on fire. Prior to trial, petitioner had the ability to obtain background information regarding his witnesses. The evidence was neither known to the Commonwealth nor withheld from petitioner. Additionally, petitioner has not shown how failure to impeach or examine the background of his own

witness caused prejudice or that the information would have resulted in a different outcome in his case. The issue could have been raised at trial or on direct appeal. The claim is procedurally defaulted and should be DISMISSED.

### 5. **Claim 9 is procedurally defaulted**.

Petitioner asserts that he was unfairly shackled throughout the entire trial, a fact which he clearly had knowledge of throughout his state court proceedings. However, petitioner did not raise the claim at trial or on direct appeal, and the claim was not raised in his state habeas petition. Even though the issue has never been raised, the claim is deemed exhausted pursuant to Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990). Therefore, the claim is procedurally defaulted and should be DISMISSED.

### E. **The Evidence at Trial Was Sufficient to Support a Conviction (Claim 1)**.

The standard of review in a habeas corpus proceeding is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 324 (1979). In Wright v. West, 505 U.S. 277 (1992), the Supreme Court held that:

> In Jackson, we emphasized repeatedly the deference owed to the trier of fact and, correspondingly, the sharply limited nature of constitutional sufficiency review. We said that "all of the evidence is to be considered in the light most favorable to the prosecution," that the prosecution need not affirmatively "rule out every hypothesis except that of guilt," and that a reviewing court "faced with a record of historical facts that supports conflicting inferences must presume--even if it does not affirmatively appear in the record--that the trier of fact resolved any such conflicts

11

>in favor of the prosecution, and must defer to that resolution."

Id. at 207-97 (citations omitted). In the present case the Court has fully reviewed the trial transcripts and has determined that the evidence, when viewed in the light most favorable to the prosecution, was sufficient to convict petitioner. Petitioner argues for the application of hindsight to what were issues of weight and credibility, properly resolved by the trier of fact.

Petitioner argues that the state court did not give due credit to his testimony and failed to draw the inferences in petitioner's favor. However, the court was under no obligation to accept petitioner's testimony, or the testimony of any other witness, as credible.

Furthermore, the trial judge, as a rational trier-of-fact, found petitioner guilty based on the testimony of the Commonwealth's witnesses. When the evidence is viewed in its entirety, a rational trier-of-fact could find the essential elements of arson of an occupied dwelling.

At trial, Timothy Pebley testified that on the evening of September 5, 2002, he and his girlfriend witnessed a verbal altercation between petitioner and Crystal Brown. (4/1/03 Tr. at 10.) Pebley indicated that "it looked like [petitioner] was going to hit her." (4/1/03 Tr. at 10.) Pebley stated that he intervened by shouting at petitioner, and petitioner "picked up the kid [petitioner's child] and took off running out towards the street." (4/1/03 Tr. at 11.) Pebley testified that as petitioner was running off, he threatened Brown by stating, "I'll get even with you tonight if I have to kill you or burn your trailer." (4/1/03 Tr. at 11.)

Yolanda Brown, Crystal Brown's daughter, testified that she, her mother, and her two sisters were in a bedroom with the door closed and locked so petitioner could not get in. (4/1/03 Tr. at 17.) Y. Brown stated that at some point, they could hear petitioner "on the other side of the door." (4/1/03 Tr. at 18.) She testified that petitioner asked her mother if he could come in, but her mother refused to let him in. Approximately five to ten minutes later, Y. Brown saw smoke coming "from the other room." (4/1/03 Tr. at 18.)

Lenel Nichols testified that she heard portions of the altercation between petitioner and Brown and called the police after witnessing petitioner run down the street. (4/1/03 Tr. at 24.) She stated that when the police arrived, she explained to them what had happened and pointed out petitioner as he was walking down the street. (4/1/03 Tr. at 24.) Nichols testified that the police "took off after" him. (4/1/03 Tr. at 24.)

Nichols further testified that she heard a door slam. Five or ten minutes later, she heard a curdling scream, followed by a knock on her door. (4/1/03 Tr. at 25.) Nichols stated that when she opened the door, Brown was screaming that petitioner had "set the house on fire." (4/1/03 Tr. at 26.)

A fire expert, Timothy Minga, testified that the fire started inside the threshold of the largest bedroom in the trailer. (4/1/03 Tr. at 32.) Minga stated that he found traces of nonpetroleum flammable liquid and that the fire had burned downward, instead of upward, as most nonaccidental fires burn. (4/1/03 Tr. at 33.) Minga opined that the fire was intentionally set. (4/1/03 Tr. at 32.)

Crystal Brown testified that on September 5, 2002, she had an argument with petitioner over her purchasing marijuana instead of shoes for the children.  (4/1/03 Tr. at 39-40.)  However, Brown denied that petitioner threatened her in any way other than "taking his daughter." (4/1/03 Tr. at 40.)  Brown stated that Pebley was not nearby when she and petitioner were arguing.  (4/1/03 Tr. at 41.)  Brown testified that when petitioner left, she locked both doors, but at that time, there was no evidence of fire.  (4/1/03 Tr. at 42.)  Brown stated that three or four songs had played on the radio before she discovered the fire.  (4/1/03 Tr. at 42-43.)  Brown claimed she had no knowledge of how the fire was set, and she denied setting the fire herself.  (4/1/03 Tr. at 43.)

Petitioner testified that he never threatened Brown on the night of the fire but admitted that they argued.  (4/1/03 Tr. at 49.)  Petitioner denied setting the fire in the trailer that evening.  (4/1/03 Tr. at 49.)

Based upon the testimony, the evidence was sufficient to support petitioner's conviction.  The claim is without merit and should be DISMISSED.

### III.  RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss/motion for summary judgment be GRANTED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right."  Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.  See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

## **IV. REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                                             /s/
                                       **James E. Bradberry**
                                       **United States Magistrate Judge**

**Norfolk, Virginia**

   **October 23**   , **2006**

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of the following:

    Michael Andrew Stephens, #323198, <u>pro</u> <u>se</u>
    Baskerville Correctional Center
    4150 Hayes Mill Road
    Baskerville, VA  23915

    Michael T. Judge, Esquire
    Assistant Attorney General of Virginia
    900 E. Main Street
    Richmond, VA  23219

    Fernando Galindo, Acting Clerk

By _____
        Deputy Clerk

_____, 2006