UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**MICHAEL ANDREW STEPHENS, #323198,**

        Petitioner,

v.                                                                        2:06CV251

**GENE M. JOHNSON, Director of the**
**Virginia Department of Corrections**,

        Respondent.

## FINAL ORDER

       This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The petition alleges violation of federal rights pertaining to petitioner's convictions on June 6, 2003, in the Circuit Court for the City of Newport News, Virginia, for arson of an occupied dwelling, as a result of which he was sentenced to serve five years in the Virginia penal system.

       The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation.  The Magistrate Judge filed his report recommending dismissal of the petition on October 24, 2006.  By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge.  The Court received from petitioner on November 6, 2006, a document entitled "Notice of Appeal," in which he states, "I am in disagreement with [the Magistrate Judge's] decision and I would like to 'note an Appeal from that decision, and have an '[sic] opportunity to show why the . . . Magistrate Judge is in error."  While the case is not

yet at the stage where petitioner may note an appeal, the Court has considered the document and objections to the findings of the Magistrate Judge.

The Court, having reviewed the record and examined the objections filed by the petitioner and having made de novo findings with respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report of the United States Magistrate Judge filed October 24, 2006. It is, therefore, ORDERED that the petition be DENIED and DISMISSED on the basis of petitioner's procedural defaults in the state system and on the merits and that judgment be entered in respondent's favor.

Whatever objections petitioner might have, they are without merit. First, Claims 2, 3, 4, 5, 6, 7, 8, and 9 are procedurally defaulted. Claims 2 and 4, arising out of an allegedly exculpatory statement hidden by the Commonwealth, involve Crystal Brown, a witness for petitioner. The material which petitioner claims to be exculpatory was available to him and could have been elicited at trial. Accordingly, there is no basis for objecting to the Magistrate Judge's findings.

Claims 3, 5, 6, and 9 could have been raised during trial or on direct appeal. For that reason, they were barred from consideration by the Supreme Court of Virginia, pursuant to Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974)("a petition for writ of habeas corpus may not be employed as a substitute for an appeal or writ of error.")

Claim 7 is procedurally defaulted because petitioner raised the matters set forth therein for the first time in his federal habeas petition. All of the issues address ineffective assistance of counsel, all of them were known to petitioner during trial and immediately

thereafter, and they could have been presented to the state before they were raised for the first time in federal court.

Claim 8, arising from petitioner's assertion that he has newly discovered evidence pertaining to Brown's conduct, is procedurally defaulted. Petitioner suggests that the evidence would have permitted the impeachment of Brown, an event deemed unlikely, given the fact that Brown was called as a witness on defendant's behalf.

Claim 9 addresses the fact that petitioner was shackled throughout trial. The fact that petitioner was shackled would be a matter of record and could have been raised both at trial and on direct appeal. Petitioner is not now entitled to raise the matter in a federal habeas petition.

Finally, review of the evidence reveals more than a sufficient basis upon which a jury could find petitioner guilty of the offenses of which he was convicted. The summary of the evidence presented in the report and recommendation clearly establishes support for the offense of arson of an occupied dwelling. Viewing the evidence in the light most favorable to the Commonwealth, a rational trier-of-fact could find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 324 (1979); Wainwright v. West, 505 U.S. 277 (1992).

Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty days from the date of entry of such judgment. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court, pursuant

to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability.  See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

      The Clerk shall mail a copy of this Final Order to petitioner and to counsel of record for the respondent.

                                          **/s/ Jerome B. Friedman**
                                          **UNITED STATES DISTRICT JUDGE**

**Norfolk, Virginia**

**December 15, 2006**